UNITED STATES of America ex rel. Roger L. SANDERS, et al., Relators,

v.

ALLISON ENGINE COMPANY, et al., Defendants.

No. C–1–95–970.

United States District Court, S.D. Ohio, Western Division.

Nov. 18, 2003.

James Burdette Helmer, Jr., Paul Bryan Martins, Robert M. Rice, Helmer, Martins & Morgan, and Gerald F. Kaminiski, Ass't U. S. Attorney, Cincinnati, OH, Don McKenna, Scott A. Powell, Hare, Wynn, Newell & Newton LLP, Birmingham, AL, and Joyce R. Branda, Michael F. Hertz, Paul J. Wogaman, US Department of Justice, Washington, DC, for Relators.

Glenn Virgil Whitaker, Victor A. Walton, Jr., Vorys, Sater, Seymour & Pease, Daniel John Donnellon, Douglas Lee Hensley, Matthew K. Buck, William Alan Posey, Keating, Muething & Klekamp, Lawrence Robert Elleman, Thomas Jason Murphy, Dinsmore & Shohl, P.L.L., David Paul Kamp, White, Getgey & Meyer Co., LPA, Cincinnati, OH, James A. Bensfield, Kara N. Schmidt, Peter B. Hutt, III, Miller & Chevalier, Chartered, Jerome Charles Randolph, Washington, DC, James J. Gallagher, Thomas M. Abbott, McKenna & Cuneo, Susan A. Mitchell, McKenna, Long & Aldridge LLP, Los Angeles, CA, for Defendants.

**ENTRY AND ORDER ADOPTING IN PART AND OVERRULING IN PART THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. # 380) REGARDING ALLISON ENGINE COMPANY AND GENERAL MOTORS CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. # 163)**

ROSE, District Judge.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the District Judge has made a de novo review of the Record on the matter of the Motion of Defendants Allison Engine Company ("Allison") and General Motors Corporation ("GM") for Partial Summary Judgment On Claims Relating To Pricing of AG9140 and AG9130 Gen Sets (Doc. # 163). In addition to reviewing the Motion for Partial Summary Judgment (Doc.

# 163) and associated Memorandum, the District Judge has reviewed Relators' Memorandum In Opposition (Doc. # 201); Allison and GM's Reply Memorandum (Doc. # 229) and the transcript of the hearing held on the Motion for Partial Summary Judgment.

The District Judge has also reviewed the Report and Recommendations of United States Magistrate Judge Timothy S. Hogan (Doc. # 380) to whom this case was referred pursuant to 28 U.S.C. § 636(b) as well as Motions To Review the Magistrate's Report and Recommendations filed by Defendants Allison (Doc. # 396), GM (Doc. # 395) and General Tool Company ("GTC") (Doc. # 394), Relator's Memorandum In Opposition (Doc. # 407), and Reply Memorandums filed by Allison (Doc. # 420), GM (Doc. # 419) and GTC (Doc. # 415).

Allison and GM moved for partial summary judgment on three of Relators' claims regarding pricing of the model AG9140 generator sets ("gen sets"). The first claim upon which Allison and GM seek summary judgment is Relators allegation that Allison falsely represented on Engineering Change Proposal No. 310–01A0C040 ("ECP–C040") that there would be no cost savings resulting from the production of the AG9140 gen sets. Relators also moved for summary judgment on this claim. (Doc. # 167.)

The second claim upon which Allison and GM seek summary judgment is Relators' allegation that Allison and GTC inflated production and assembly labor hours for the AG9140 gen sets causing false claims to be submitted. Allegedly GTC provided inflated labor and material costs when negotiating the $74,000 reduction to its contract with Allison in 1994 and Allison failed to conduct a proper investigation thereof.

The third claim upon which Allison and GM seek summary judgment is Relators' allegation that Defendants defectively priced a contract with Bath Iron Works and made misrepresentations on certain "SF 1411" forms signed in 1997. The SF 1411 forms were allegedly signed regarding the Option III contract. The Option III contract was the third five-year contract between Allison and Bath Iron Works that permitted the shipyards to issue purchase orders for gen sets in calendar years 1997–2001. Next, each of the three claims will be addressed with regard to the Magistrate's Report and Recommendations.

## False Representation On ECP–040

Allison and GM's Motion for Summary Judgment on Relators claim regarding Allison's alleged false representations on ECP–040 is essentially a cross motion to Relators' Motion for Summary Judgment on the same claim (Doc. # 167). Relators' Motion on this false representation claim has been addressed in this Court's Entry and Order Overruling the Report and Recommendations of the Magistrate Judge Regarding Relators' Motion for Partial Summary Judgment (Doc. # 461). The reasoning and findings contained in the Entry and Order regarding Relators' Motion for Summary Judgment (Doc. # 461) are adopted here. The reasoning and findings are a matter of record and need not be repeated herein except in summary fashion.

In the Entry and Order addressing Relators' Motion for Summary Judgment on the false representation claim, this Court found that there no genuine issues of material fact regarding the meaning of cost on ECP–040 as cost to the government. The term "cost" as used at various locations on ECP–040 means cost to the Government and not cost to Allison. Allison indicated that ECP–040 was offered at no cost to the Government and the Government accepted this proposition. There-

fore, there are no genuine issues of material fact and Allison did not make a false claim on ECP–040 regarding Allison's costs. Allison is entitled to summary judgment on the false representation claim regarding ECP–040 as a matter of law.

The Magistrate's Report and Recommendations (Doc. # 380) found that Allison and GM were not entitled to summary judgment on this claim and it is, therefore, overruled regarding the ECP–C040 false representation (defective pricing) claim. The analysis now turns to the second claim upon which Allison and GM seek summary judgment.

### Inflated production and Assembly Labor Hours

The second claim upon which Allison and GM seek summary judgment is Relators' allegation that Allison and GTC inflated production and assembly labor hours for the AG9140 gen sets causing false claims to be submitted. The Magistrate's Report and Recommendations found that Relators did not produce enough evidence to demonstrate that there is a genuine issue of material fact regarding the claim that GTC padded its bills to Allison and Allison and GM are entitled to summary judgment on this claim. After a de novo review, the Magistrate's Report and Recommendations regarding the inflated production and assembly labor hours is adopted without further comment. The analysis now turns to the third claim upon which Allison and GM seek summary judgment.

### Misrepresentations Regarding the Option III Contract

The third claim upon which Allison and GM seek summary judgment is Relators' allegation that Defendants defectively priced a contract with Bath Iron Works and made misrepresentations on certain "SF 1411" forms signed in 1997 regarding the Option III contract. Relators allege that damages under the Option III con-

tract arise and are a continuation of alleged false claims made on ECP–C040. In other words, this claim is predicated upon Relators' theory that ECP–C040 was defectively priced. However, as determined herein and in this Court's Entry and Order Overruling the Report and Recommendations of the Magistrate Judge Regarding Relators' Motion for Partial Summary Judgment (Doc. # 461), ECP–C040 was not defectively priced. Since ECP–C040 was not defectively priced and this claim of misrepresentations regarding the Option III Contract arises from alleged defective pricing on ECP–C040, this claim cannot stand. There are no genuine issues of material fact and Allison and GM are entitled to summary judgment on the claim that Allison defectively priced and made misrepresentations regarding the Option III contract. The Magistrate's Report and Recommendations recommended denying summary judgment on this claim and it is, therefore, overruled.

### Summary

The Magistrate's Report and Recommendations regarding Allison and GM's Motion for Summary Judgment on three of Relators' claims regarding pricing of the model AG9140 gen sets is ADOPTED in part and OVERRULED in part. There are no genuine issues of material fact and Allison and GM are entitled to summary judgment as a matter of law on the following claims regarding pricing of the AG9140 gen sets: false representation on ECP–C040, inflated production and assembly hours, and defective pricing of the Option III Contract.